## LEVEY *et al. v.* UNION PRINT WORKS.

(*Supreme Court, General Term, Second Department.* December 10, 1890.)

MORTGAGES—FORECLOSURE—DEMAND OF PAYMENT.

A deed of trust given by a corporation to secure payment of its bonds provided that a default in payment of interest, continuing six months after "payment shall have been duly demanded," should, at the option of the trustee, render the whole principal due and payable. Interest due being unpaid, a demand therefor was made by the trustee upon the treasurer of the corporation, both of whom were sons of the holder of the bonds. Such demand was made at a branch office of the company, and not at its principal office where the interest was payable, and no officer

**of the** company was informed of it, except the treasurer, who resigned in tho same month in which the interest became due. *Held*, that there was not such a demand as was called for by the deed of trust, and an action for foreclosure was properly dismissed.

Appeal from special term, Kings county.

Action by Augustus A. Levey, as trustee, and Isaac Levey against the Union Print Works, a corporation, to foreclose a deed of trust. From a judgment for defendant entered on the dismissal of the complaint on trial by the court without a jury, plaintiffs appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Wingate & Cullen,* (*George W. Wingate* and *Augustus A. Levey,* of counsel,) for appellants. *John H. V. Arnold,* for respondent.

BARNARD, P. J. On the 1st of January, 1889, the defendant executed a deed of trust or mortgage to secure the payment of $25,000 made up of 25 bonds of $1,000 each. Isaac Levey took the entire issue. On the 1st of July, 1889, the interest was not paid on the bonds. The bonds and the trust-deed provide that a default in the payment of the interest, if such default continues six months after "payment shall have been duly demanded," shall, at the option of the trustee, render the whole payment due and payable. Edgar J. Levey was the treasurer of the company. The trustee and the treasurer were both sons of the holder of the bonds. The principal office of the company was in Brooklyn. The company had also a branch office in New York. It was at this office the demand was made, and of the treasurer Edgar J. Levey. No notice was given either to the president or vice-president by the treasurer, who resigned his office as treasurer during the month of July, 1889. On the 1st of July, 1890, the company tendered the back interest from July 1, 1889, and that which became due January 1, 1890. The trustee made the demand for his father upon his brother, and did not inform the officer of the company, but waited until the expiration of the six months, and then claimed to foreclose for the principal and interest. The court properly found under this state of facts that no demand such as was called for by the mortgage was made. The interest was payable at the company's office in the city of Brooklyn. It can be reasonably inferred, from the resignation of the treasurer soon thereafter, that there was some dissension between the company and the treasurer, in which his father and brother sympathized with him. The "demand" so-called was simply a device by which a form would be substituted for the substance of a demand, and thus an advantage be obtained by the holder of the bonds over the company. The discussion of the question whether the provision as to default is a penalty or condition, and whether the holder of the bonds must signify his option to claim absolute default, is not called for, where no demand was even made. The judgment should therefore be affirmed, with costs.